J. Irwin Shapiro, J.
On October 26, 1965, after having been adjudicated a youthful offender under indictment 411-65 which charged him with robbery in the second degree, defendant was sentenced by Mr. Justice Conroy to Elmira Reception Center for an indefinite term. On April 18,1967 defendant was released on parole from that sentence.
While on parole, and on May 6, 1967, defendant was arrested for robbery and he was subsequently indicted for that crime by indictment 1010-67. On October 27, 1967, on his plea of guilty to assault in the third degree and petit larceny to cover that indictment, defendant was sentenced by Mr. Justice Bosch to Elmira Reception Center for an indefinite term. Defendant was received at Elmira under the latter sentence on November 2, 1967. Thereupon the Parole Board, after a hearing, adjudged defendant a parole violator on the 1965 sentence. It charged him with 11 months and 27 days delinquent time on that sentence and ordered that he serve the full delinquent time (which would expire on Oct. 29, 1968) before commencing service of the 1967 sentence imposed by Mr. Justice Bosch.
On May 29, 1968, after defendant had served a portion of the said delinquent time and before he had commenced to serve the 1967 sentence, the Court of Appeals decided defendant’s appeal from the 1965 judgment. That disposition created an anomalous situation and triggered the developments which led to the muddled situation which exists here.
*877 In an opinion by Judge Breitel a majority of the Court of Appeals found the findings of the trial court wanting in two respects (22 N Y 2d 159): The absence of an “ explicit finding that defendant’s statements to the patrolman, which furnished significant proof of the crime, were voluntarily made ” (p. 162) and the “ failure to specify the acts, otherwise criminal, supporting the determination that defendant is a youthful offender ” (p. 163). Accordingly, to cure the lacunae in the trial court’s findings, the opinion stated that the case should be “ remanded for further findings on the issues of voluntariness and the underlying acts supporting the determination ’ ’ (p. 165). The opinion further stated: “Whether further or de novo hearings are required is left solely to the discretion of the trial court. ’ ’
In this posture of the matter, there was no need to disturb the judgment of conviction. In fact, as I see it, the remand for further findings counterindieates a vacatur of the judgment. If the judgment of conviction was, in fact, being reversed, further findings — apparently to be made on the existing record or after further or de novo hearings — would not suffice for a final disposition of the case, since in such a situation a new trial and a new record would be required for a proper adjudication. However, instead of withholding the determination of the appeal until a return of the remand with the further findings directed by the Court of Appeals to be made, as was done in People v. Huntley (15 N Y 2d 72, 78 [voluntariness of confession]) ; People v. Malinsky (15 N Y 2d 86, 96 [unlawfully seized evidence]) and People v. Cossentino (14 N Y 2d 750 [psychiatric examination]), Judge Breitel wrote (p. 165): “ On this view, the judgment of conviction should be reversed and the case remanded for further findings on the issues of voluntariness and the underlying acts supporting the determination. Whether further or de novo hearings are required is left solely to the discretion of the trial court.” (Emphasis supplied.)
This, of course, was contradictory. The contradiction in the opinion, however, was not carried over into the dispositive mandates in the case which followed. Thus the remittitur of the Court of Appeals, dated May 29, 1968, did not provide that the judgment of conviction in this court is reversed but merely provided that the 1 £ judgment of the Appellate Division * * * appealed from herein be and the same hereby is reversed and the matter remanded to the Supreme Court, Queens County, for further proceedings in accordance with the opinion herein.” -Similarly, the order of this court dated July 12, 1968, making the order of the Court of Appeals the *878 order of this court did not provide that the judgment of conviction be vacated but provided merely that ‘ ‘ the order of the Court of Appeals * * * which reversed the order of the Appellate Division * * # affirming the conviction * * * and which remanded the case to the Supreme Court, Queens County, for a hearing ’ ’ be made the judgment of this court, and that defendant be produced in court for such hearing.
Accordingly, defendant was produced on August 7, 1968 in Criminal Term, Part I, where I was presiding. The indorsement on the record for that date states that ‘ ‘ defendant appeared for further proceedings pursuant to the order of the Court of Appeals dated 5/29/68 with his defense counsel ”. Since Mr. Justice Conroy had presided at the trial and had heard the evidence, I advised him of the pending hearing under the remand of the Court of Appeals. Judge Conroy informed me that he declined to make further findings or have a further hearing and stated that a new trial should be directed. To that end, and on the tacit basis that the judgment of conviction had been reversed, defendant was then permitted to plead guilty to the third count of the information. He was thereupon adjudged a youthful offender and, upon waiver of 48 hours’ notice of sentence, I sentenced him to Elmira Reception Center for an indefinite term “to be served concurrently with the sentence the defendant is now serving” (the sentence of Mr. Justice Bosch), with credit for time served under the sentence of Mr. Justice Conroy.
This opinion has become necessary by reason of the position taken by the State Department of Correction that the sentence I imposed upon defendant on August 7, 1968, after the remand of the case by the Court of Appeals, was illegal and that he should be resentenced. The sentence imposed was under indictment 411-65 and committed defendant to Elmira Reception Center for an indefinite term, “to be served concurrently with the sentence the defendant is now serving.”
The objection of the department to the sentence is to the provision of concurrence and rests upon two asserted rationales: One is that “ the Court has no authority to order a sentence, actually commenced in 1965, to run concurrently with a later sentence for an unrelated crime and imposed on October 27, 1967.” The other is that since the Parole Board, on November 2,1967, had ordered that defendant’s sentence of October 27, 1967 by another Judge in a different matter should not commence until defendant had served all the delinquent time he owed as a parole violator on the original sentence in this matter imposed in 1965 (which would expire on October 29, 1968), the *879 provision in the sentence under consideration of concurrent service effected an immediate commencement date of the 1967 sentence “by a resentencing on a prior term ” and thereby constituted an infringement upon the statutory duties of the Parole Board.
A careful review of the background of the situation which obtains here demonstrates that there is no merit in the department’s position on the sentence I imposed on August 7, 1968.
The claim of the Department of Correction that the foregoing sentence, in directing that it run concurrently with the 1967 sentence, infringed upon the powers of the Parole Commission is apparently based upon the provisions of section 219 of the Correction Law which provides: “ If any person be convicted * * * of a crime or offense committed while on parole * * * and if he be sentenced therefor * * * he may, in addition to the sentence which may be imposed for such crime or offense, and before beginning to serve such sentence, be compelled to serve * * * the portion remaining of the maximum term of the sentence on which he was released on parole ”. This claim would have validity only if at the time of the 1968 sentence, the 1965 sentence were still in existence and the imposition by the Parole Board of delinquent time thereunder effective. However, that prop of the department’s position is absent in the fact situation here.
If the judgment of conviction had been effectively reversed by the Court of Appeals on May 29, 1968, then no judgment of conviction in that case existed on August 7, 1968 and defendant could have entered a plea of guilty as he did, and he could properly receive the sentence which was imposed. In that case, the statement by the department that ‘ ‘ the Court had no authority to order a sentence, actually commenced in 1965 to run concurrently with a later sentence for an unrelated crime and imposed on October 27, 1967 ” would be inaccurate because the August, 1968 sentence was not one which “ actually commenced in 1965 ” but was an entirely new sentence. Further, this was not a ‘1 resentencing on a prior term ’ ’ but an original sentence on an original plea of guilty entered on August 7,1968.
Further, the direction that the sentence I imposed be served concurrently with the sentence of 1967 did not, as postulated by the department, effect an immediate commencement date for the second sentence. Clearly, the department’s claim is based upon the thesis that defendant, at the time I imposed sentence, was still serving the delinquent time imposed on the 1965 sen *880 tence and that, under the provisions of section 219 of the Correction Law, service of the sentence I imposed could not commence until completion of the service of the delinquent time. However, as is evident from the foregoing, defendant was not serving delinquent time. Upon the reversal of the judgment of conviction, the sentence thereunder, and any delinquent time for violation of parole thereon, were rendered nugatory. Thus, when I imposed sentence on August 7, 1968, defendant was, as a matter of law, incarcerated under the 1967 sentence, even though the records of the Department of Correction were to the contrary. The new sentence imposed by me which directed that it run concurrently with the sentence of Mr. Justice Bosch was therefore legal and proper and I decline to change it.